## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE-OPELOUSAS DIVISION

Guilbeau, et al                                        Civil Action No. 09-1652

versus                                            Judge Tucker L. Melançon

Wyeth, Inc., et al                              Magistrate Judge C. Michael Hill

### MEMORANDUM RULING

Before the Court is an unopposed[1] Motion to Sever filed by defendants Pliva, Inc.

("Pliva") [Rec. Doc. 33] and Motion(s) to Sever adopting the reasons stated in Pliva's

Motion, filed by Teva Pharmaceutical USA, Inc. ("Teva") [Rec. Doc. 43] and Mutual

Pharmaceutical Co. Inc. ("Mutual") [Rec. Doc. 47].  For the reasons that follow, the motions

will be granted.

### *FACTUAL ANALYSIS*

Plaintiffs Suzanne Guilbeau, Roberta Phillips, Brenda Richardson, Roy Steve, Sr., Brenda

Steve, Jane Etta Stevens, and Eddy Sue Williams on behalf of Dolly Sue Williams ("plaintiffs")

filed this action against defendants Wyeth, Inc., Schwarz Pharma, Inc., Barr Pharmeceuticals,

Inc., Actavis, Inc. and Actavis Elizabeth LLC, Pliva, Inc., Teva Pharmaceuticals USA, Inc.,

Mutual Pharmaceutical Co., Ranbaxy Pharmaceuticals, Inc., Watson Laboratories, Inc. and

Duramed Pharmaceuticals, Inc.[2] for alleged personal injuries they suffered as a result of being

---

[1] The deadline to file any opposition to Pliva's motion to sever was May 5, 2010.  *See* Local Rule 7.5 W.  No opposition was filed.  Thereafter, Teva and Mutual filed motions adopting the legal arguments contained in Pliva's motion.

[2] All defendants have filed answers to plaintiffs' complaints except Watson Laboratories, Inc.  The record indicates that summons were issued to all defendants on February 19, 2010.  *R. 22.*

prescribed and ingesting Reglan, whose generic name is metoclopramid (hereinafter

"Reglan/metoclopramid")[3].  Plaintiffs assert claims under the Louisiana Products Liability Act

and state law negligence, alleging that defendants tested, developed, manufactured, labeled,

marketed, distributed, promoted and/or sold either directly or indirectly Reglan/metoclopramid

and are therefore liable for failure to adequately test and/or warn about the side effects of long-

term use, failure to exercise reasonable care in the design and/or marketing of the drug, breach of

express and implied warranties and intentional and negligent dissemination of misleading

information.  *R. 1.*

On April 14, 2010, Pliva filed this Motion to Sever plaintiffs' claims in order for

Pliva to proceed separately, pursuant to Federal Rules of Civil Procedure 20(a) and 21, on

the basis that: (1) plaintiffs' claims do not arise out of the same transaction or occurrence

and do not involve common questions of law or fact; and (2) defendant will be prejudiced

if the plaintiffs are allowed to proceed jointly in this case.  *R. 33.*  On May 3 and May 5,

2010, respectively, Teva and Mutual also filed motions to sever, adopting Pliva's legal

arguments in its motion and memorandum in support.  *R. 43, 47.*

### *LAW AND ANALYSIS*

Under Rule 21, a district court has "broad discretion" to sever improperly joined

parties. *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir.1994); *see also*

*Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir.2000). To

---

[3]  The Food and Drug Administration (FDA) approved Reglan in 1980.  In 1985, the FDA
required that Reglan's label be updated to include a warning regarding the risk of developing
tardive dyskinesia.   In February 2009, the FDA issued a labeling revision for metoclopramide
meant to warn of the risk of prolonged use, defined as use for more than 12 weeks.  *Demahy v.
Actavis, Inc.*,  593 F.3d 428, 430 (5th Cir. 2010).

determine whether parties were properly joined under Rule 20(a), a district court must consider (1) whether the right to relief arises "out of the same transaction, occurrence, or series of transactions or occurrences," and (2) whether there is a question of law or fact common to all of the plaintiffs that will arise in the action. Fed.R.Civ.P. 20(a). "Both requirements must be met for the parties to be properly joined. *See Porter v. Milliken & Michaels, Inc*., 2000 WL 1059849, at * 1 (E.D.La. Aug. 1, 2000); *see also* Wright, Miller & Kane, Federal Practice and Procedure: 7 Fed. Prac. & Proc. Civ. § 1653 (3d ed.). Furthermore, courts may consider whether settlement or judicial economy would be promoted, whether prejudice would be averted by severance, and whether different witnesses and documentary proof are required for separate claims." *Adams v. Big Lots Stores, Inc*., 2009 WL 2160430, 2 (E.D.La.,2009) (J. Vance).

The Court finds that plaintiffs' claims do not arise out of the same transaction or occurrence and have no common question of fact or law under Rule 20(a). The operative facts under plaintiffs' claims are significantly different in that each plaintiff's claim involves different medical histories, different courses of treatment and/or underlying conditions, different prescribing physicians, different alleged periods of ingestion, different alleged injuries and different treatment options and risks. Consequently, each case will require separate factual analysis as to medical causation and damages. *See Gill v. Ethicon, Inc.,* (W.D. La. 2001) (J. Tremble).

Further, plaintiffs' claims involve allegations against seven defendants, each of whom only manufactured the product ingested by one or two plaintiffs. Under the present

3

posture of the case, defendants would be forced to participate in expensive, time-consuming and unnecessary discovery related to claims that do not concern them, in addition to engaging in similarly expensive and time-consuming discovery coordination with the other defendants.  Because each plaintiff's witnesses would necessarily include the individual plaintiff and all of his or her prescribing physicians, healthcare facility representatives and fact witnesses, undue prejudice and unnecessary jury confusion would likewise occur.  Therefore, in the interest of fairness, judicial economy and potential prejudice to both plaintiffs and defendants,  plaintiffs' claims should be severed.

## *CONCLUSION*

The Court finds that each plaintiff has an individualized claim, requiring largely different witnesses and evidence.  Given the separate and distinct factual basis for the claims and the individualized proof necessary to support each claim, the Court finds that joining the plaintiffs is more likely to confuse the jury and that severance would avoid undue prejudice.  Although severing the claims will result in a greater number of trials, severance will allow the Court to better manage and resolve the individual claims of plaintiffs.

In order to manage these cases in an effective and economical manner, the Court finds that the claims of the individual plaintiffs, Suzanne Guilbeau, Roberta Phillips, Brenda Richardson, Roy Steve, Sr., Brenda Steve, Jane Etta Stevens, and Eddy Sue Williams on behalf of Dolly Sue Williams, should be severed into separate causes of action.  The Court will direct the Clerk of this Court to assign a separate case number for each plaintiff, with plaintiff Suzanne Guilbeau retaining the civil action number originally assigned to this

action.