UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Guilbeau                                                              Civil Action 09-1652

versus                                                       Judge Tucker L. Melançon

Wyeth Inc., et al                                 Magistrate Judge C. Michael Hill

**MEMORANDUM RULING**

Before the Court is an unopposed[1] Motion For Judgment On The Pleadings filed by defendant Teva Pharmaceuticals USA, Inc. ("Teva") [Rec. Doc. 93] against plaintiff Suzanne Guilbeau. For the reasons that follow, the motion will be granted.

*Background*

Plaintiffs Suzanne Guilbeau, Roberta Phillips, Brenda Richardson, Roy Steve, Sr., Brenda Steve, Jane Etta Stevens, and Eddy Sue Williams on behalf of Dolly Sue Williams filed the Original Complaint in this action against defendants Wyeth, Inc., Schwarz Pharma, Inc., Barr Pharmeceuticals, Inc., Actavis, Inc. and Actavis Elizabeth LLC, Pliva, Inc., Teva Pharmaceuticals USA, Inc., Mutual Pharmaceutical Co., Ranbaxy Pharmaceuticals, Inc., Watson Laboratories, Inc. and Duramed Pharmaceuticals, Inc. for alleged personal injuries they suffered as a result of being prescribed and ingesting Reglan, whose generic name is metoclopramide (hereinafter "Reglan/metoclopramide").[2] Plaintiffs asserted claims under the Louisiana Products Liability Act and state law negligence, alleging

---

[1] The deadline to file an opposition to Teva's motion was September 25, 2011. *LR. 7.5 W.*

[2] The Food and Drug Administration (FDA) approved Reglan in 1980. In 1985, the FDA required that Reglan's label be updated to include a warning regarding the risk of developing tardive dyskinesia. In February 2009, the FDA issued a labeling revision for metoclopramide meant to warn of the risk of prolonged use, defined as use for more than 12 weeks. *Demahy v. Actavis, Inc.*, 593 F.3d 428, 430 (5th Cir. 2010).

that defendants tested, developed, manufactured, labeled, marketed, distributed, promoted and/or sold either directly or indirectly Reglan/metoclopramide and are therefore liable for failure to adequately test and/or warn about the side effects of long-term use, failure to exercise reasonable care in the design and/or marketing of the drug, breach of express and implied warranties and intentional and negligent dissemination of misleading information. *R. 1*.

On May 28, 2010, the Court granted the pharmaceutical companies' motions to sever the claims of the individual plaintiffs into separate causes of action, including the action at bar against Teva. *R. 57.* On June 11, 2010, plaintiff, Suzanne Guilbeau, filed a Second Amended and Restated Complaint against Teva. *R. 62.* Plaintiff asserts that Teva failed to warn adequately of the alleged risks associated with long-term use of metoclopramide. *Id.* Teva filed its answer to the Amended Complaint on June 25, 2010, asserting federal preemption. *R. 63*.

On January 28, 2011, the Court administratively terminated this action as well as several other related actions pending the United State Supreme Court rendering decisions in *Demahy v. Actavis, Inc.*, 593 F.3d 428 (5th Cir. 2010), *cert. granted*, and *Mensing v. Wyeth, Inc.*, 588 F.3d 603 (8th Cir. 2009), *cert. granted*, which the parties agreed would impact, and could in fact be dispositive of this action. The Supreme Court issued its decision in *PLIVA, Inc. v. Mensing,* 131 S. Ct. 2567 (2011) on June 23, 2011, holding that state-law tort claims based on an alleged failure to warn of the risks of generic medications are preempted by federal law. *Id.* at 2572. On July 26, 2011, the Court granted the parties joint motion to reopen this case and ordered Teva to file its dispositive motion based on the Supreme Court's ruling. Teva filed this unopposed motion on September 1, 2011 moving the Court to enter judgment against plaintiff pursuant to Rule 12(c).

*Analysis*

A motion brought pursuant to Federal Rule of Civil Procedure 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noted facts. *Hebert Abstract Co. v. Touchstone Properties, Ltd.*, 914 F .2d 74, 76 (5th Cir.1990). The court reviews motions for judgment on the pleadings solely on the basis of the allegations in the pleadings and accepts all allegations as true. *St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991). The standard for deciding a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *Great Plains Trust Co. V. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir.2002). A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. *Id*. at 31. The court must view the pleadings and draw all possible inferences in favor of the nonmovant, and may not grant judgment unless, on the admitted facts, the moving party is clearly entitled to judgment. *Nunley v. M/V Dauntless Colocotronis*, 696 F.2d 1141, 1143 n. 2 (5th Cir. 1983).

Plaintiff alleges that Teva failed to warn adequately of the alleged risks associated with long-term use of metoclopramide. *R. 60*. The Louisiana Products Liability Act (LPLA") provides the exclusive remedy for product liability actions in Louisiana. The Act's exclusivity

3

provision "limits a plaintiff's theories of recovery against a manufacturer of an allegedly defective product to those established by the LPLA." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 261 (5th Cir. 2002). The LPLA recognizes four types of product liability actions: construction or composition defect, design defect, inadequate warning, and breach of express warranty.  La. Rev. Stat. § 9:2800.54(b).  Plaintiffs may not raise any claim beyond those four.  *See Stahl*, 283 F.3d at 261-262.

While the allegations contained in plaintiff's Complaint relate only to an allegedly inadequate warning, the Complaint also purports to allege a claim for defective design:

> In addition, and in the alternative, the Reglan/metoclopramide manufactured by Defendant is unreasonably dangerous in design, in that, at the time the drug left Defendant's control, there existed, upon information and belief, an alternative design for the drug that was capable of preventing Plaintiff's injuries, and the likelihood of causing the plaintiff's injuries and the gravity of that harm outweighed the burden (if any) on each Defendant in adopting such alternative design and the adverse effect (if any) on the utility of the drug.

*R. 60, ¶ 39.*  Plaintiff's factual allegations in her Complaint are related only to her failure to warn claim.  ¶¶ *5-38*.  She alleges no facts whatsoever to support the defective design claim. Such "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements ... do not suffice" to state a viable cause of action.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555).  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

The Supreme Court's ruling in *PLIVA*, 131 S. Ct. 2567, reversed the Fifth and Eight

4

Circuit Courts of Appeals, both of which had concluded that claims identical to those in this case are not preempted. The Court stated:

> Here, state law imposed a duty on the Manufacturers to take a certain action, and federal law barred them from taking that action.... Mensing and Demahy's tort claims are pre-empted.

*Id*. at 2581. Following the Supreme Court's decision, the Fifth Circuit in *Demahy v. Actavis, Inc*., 593 F.3d 428 (5th Cir. 2010), vacated the district court's ruling, *Demahy v. Wyeth, Inc*., 586 F.Supp. 2d 642 (E.D. La. 2008), which had held that failure-to-warn claims are not preempted, and remanded the case, ordering that judgment be entered in favor of the generic manufacturer. The district court considered the Fifth Circuit's mandate and dismissed all claims against the generic manufacturer, with prejudice. *R. 93-2, Exh. B*, *Demahy v. Actavis, Inc.*, No. 08-3616 (E.D. La. Aug. 30, 2011); *see also Mensing v. Wyeth, Inc.*, 562 F. Supp. 2d 1056, 1058 (D. Minn. 2008) (finding that "Plaintiff has asserted a variety of claims against [Defendants], [and] at the core of all of Plaintiff's claims is the basic assertion that [Defendants] failed to adequately warn about the association between long-term ingestion of [metoclopramide] and movement disorders" and dismissing the entire complaint as preempted), *rev'd* 558 F.3d 603 (8th Cir. 2009), *rev'd*, 131 S.Ct. 2567. (June 23, 2011).

*Conclusion*

As plaintiff's Complaint supports no cause of action other than a failure to warn under the Louisiana Products Liability Act, her claim is pre-empted and must be dismissed. Accordingly, Teva's Motion for Judgment on the Pleadings will be granted.